IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-MC-80575-CIV-HURLEY

WACHOVIA SECURITIES, LLC,

    Plaintiff,

vs.

JARED FINK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Wachovia Securities, LLC's (Wachovia") Verified Motion for Attorney's Fees and Costs (Docket Entry #13). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Daniel T. K. Hurley, United States District Judge for the Southern District of Florida.  As a preliminary matter the Court notes that Defendant, Jared Fink ("Fink") has failed to file a response to the Motion, and on this basis alone provides this Court with sufficient basis upon which to grant Plaintiff's Motion by default. See Local Rule 7.1A, Local Rules for the Southern District of Florida.  However, notwithstanding Defendant's failure in this regard, the undersigned has elected to proceed on the merits.

1

For the following reasons this Court respectfully recommends that Plaintiff's Motion be granted in accordance with the terms hereof and that Plaintiff be awarded $7,536.50 in attorney's fees, $8,450.00 in arbitration fees, and $400 in costs, for a total attorney's fees and cost award of $15,986.50.

## I. BACKGROUND

The underlying cause of action in this case is an arbitration award entered on January 31, 2007 by a panel of arbitrators of the National Association of Securities Dealers ("NASD") in favor of Wachovia Securities and against Fink. Subsequently, Wachovia filed with this Court, pursuant to 9 U.S.C. §9 and Fla. Stat. §682.12, a Motion to Confirm Arbitration Award and Enter Judgment in its favor. On January 9, 2008, the Court entered its Order confirming the arbitration award and entering judgment in conformity with the award. In the January 9, 2008 Order the Court reserved jurisdiction to award Wachovia its attorney's fees and costs, if same were deemed appropriate.

## II. LEGAL ANALYSIS

By the instant Motion Wachovia seeks an award of costs and attorney's fees incurred in the subject arbitration proceeding. Specifically, Wachovia requests $7,536.50 in attorney's fees, $8,450.00 in arbitration fees, and $400 in costs, for a total attorney's fees and cost award of $15,986.50. In support of the sought after relief, Wachovia relies on language in the Promissory Note which provides that Fink will "pay all reasonable costs and expenses incurred by or on behalf of Wachovia in

connection with its exercise of any of its rights and remedies under this Note, including, without limitation, reasonable attorney's fees." <u>See</u> Promissory Note attached as Exhibit 2 to Plaintiff's Motion (D.E. #13), p.2.  Inasmuch as the Promissory Note provides for the reimbursement of attorney's fees and costs, the arbitration panel included in its Order a provision that Wachovia be awarded "attorney's fees and costs to be determined by a Court of competent jurisdiction on the basis of the promissory note." <u>See</u> Arbitration Award, attached as Exhibit 1 to Plaintiff's Motion (D.E. #13), p.2.

Based upon the Promissory Note's above-mentioned attorney's fee provision, and the Arbitration Panel's Order and Judgment in favor of Wachovia and against Fink, the undersigned finds Wachovia entitled to an attorney's fee and cost award. The next step is to determine what amount would be "reasonable."

### A. **ATTORNEY'S FEES**

The starting point in any "reasonable fee" determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Popham v. Kennesaw</u>, 820 F.2d 1570, 1578 (11th Cir. 1987); <u>ACLU v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999). The resulting figure, known as the "lodestar", may thereafter be enhanced or reduced based on the results obtained or the risk of non-payment. <u>Pennsylvania v. Delaware Valley Citizens Council II</u>, ("Delaware II") 478 U.S. 546 (1986). Where the

objective sought was in fact obtained, the full lodestar amount should be awarded. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). "If the result was excellent, then the court should compensate for all hours reasonably expended." Id. at 1032 (citing Popham v. Kennsaw, 820 F.2d 1570, 1578 (11th Cir. 1987)).

In considering whether to adjust the lodestar amount upward or downward, the court may wish to consider any of the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc. 488 F.2d 714 (5th Cir. 1974.).[1] Hensley, 461 U.S. at 436. Enhancement of the Lodestar should be made only in exceptional cases where need and justification for such enhancement are readily apparent and supported by clear evidence of record. Delaware II, 483 U.S. at 728. See also Norman, 836 F.2d at 1302 (11th Cir. 1988). A downward adjustment of the lodestar may be required when the party being awarded fees achieved only limited success or spent time on unsuccessful and unrelated claims. Hensley, 461 U.S. at 436. A further downward adjustment may be required for "excessive, redundant, or otherwise unnecessary"

---

[1] The 12 factors enumerated in Johnson are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. See Johnson, 488 F.2d. at 717-719. These factors were taken from the American Bar Association Code of Professional Responsibility, DR 2-106 (1980).

hours. Hensley, 461 U.S. at 434.

The Court begins with a determination of the reasonable hourly rate. The burden is on the moving party to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience, and reputation for similar services. Blum v. Stenson, 465 U.S. 886, 895 and 896 n.11 (1984); NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987); Gaines v. Doughtery Co. Bd. of Education, 775 F.2d 1556, 1571 (11th Cir. 1985). "The decision regarding the appropriate hourly rate may be made by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." Avirgan v. Hull, 705 F.Supp. 1544, 1549 (S.D. Fla. 1989) (J. King) (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)). Satisfactory evidence of the market rate requires more than the mere affidavit of the attorney performing the work. Blum, 465 U.S. 896 n. 11. Also insufficient is testimony that a given fee is reasonable; evidence must be of rates actually billed and paid. Hensley, 461 U.S. 439 n. 15. Such evidence may be adduced from charges of lawyers under similar circumstances or by opinion evidence. Norman, 836 F.2d at 1299. When analyzing the market rates being attested to, the district court may wish to consider any of the twelve Johnson factors referred to previously, *supra*. n.1. Delaware Valley I, 478 U.S. at 564-569. One of those factors, the hourly rate normally charged by the applicant's counsel, has been

deemed the logical starting place in any rate determination. Vaughns v. Board of Education, 598 F. Supp. 1262 (D.Md. 1984), aff'd, 770 F.2d 1245 (4th Cir. 1985); Zeffiero v. First Pennsylvania Bank, N.A. 574 F. Supp. 443, 447 (E.D.Pa. 1983), aff'd without opinion, 746 F.2d 1469 (3d Cir. 1984); see also Florida Pawnbrokers v. Fort Lauderdale, 711 Supp. 1084, 1086-87 (S.D. Fla. 1989). Also considered probative are the rates billed in similar lawsuits and the relative skill of the attorneys involved. Norman 836 F. 2d at 1299.

The hourly rates sought for the attorneys involved herein are as follows: $180.00 for senior associate Jonathan Levine; $175.00 for junior associate Blake Daniels; and, 90.00 for paralegals Kathleen Kopas and Aaron McIlean. In support of these rates Plaintiff has filed the Affidavit of Washington D.C. attorney and lead attorney on this case, Daniel Fiore. See Affidavit of Daniel S. Fiore ("Fiore Aff."), attached as Exhibit 4 to Plaintiff's Motion (D.E. #13). Mr. Fiore obtained his law degree from George Mason University School of Law in 1981 and has been practicing law in the metropolitan Washington, D.C. area for over 26 years. Id. at 1. According to Mr. Fiore, during this time period his firm has performed similar litigation efforts for other like clients and has developed an expertise in this area of the law. Id. In his Affidavit Mr. Fiore states his belief that "the rates charged and paid by Wachovia Securities indicated in the invoices are equal to or less than the prevailing rates in the Metropolitan Washington, D.C. area for persons of similar skill,

6

experience and reputation for handling similar issues of similar complexity, and that the rates are reasonable and necessary." Id. at pp. 1-2.

The Court observes that if anything the rates listed above fall well below the rates charged in the South Florida area, so that whether the metropolitan Washington, D.C. or the South Florida area is used as a guide, the reasonableness of these rates is established. In this regard, the undersigned has seen countless attorney fee applications in her nearly 20 years on the Bench and is well qualified to assign a rate that is reasonable and comports with the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services. Avirgan, 705 F.Supp. at 154903 (11th Cir. 1988)("The decision regarding the appropriate hourly rate may be made by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise.")  Utilizing this Court's expertise in the matter, and taking into consideration the pleadings filed by the Plaintiff, the detailed billing statement provided, the Affidavit submitted and the relevant case law, this court finds the rates charged well in line with the rates charged in the relevant community by lawyers of reasonably comparable knowledge, skill, and reputation for similar services.

The next step in the analysis of the lodestar is the ascertainment of the

amount of "reasonable hours." "Excessive, redundant, or otherwise unnecessary" hours should be excluded from the amount claimed. Hensley, 461 U.S. at 434. These excluded hours are those which are unreasonable to bill to a client "irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301. Generalized statements that the time spent was reasonable or unreasonable, are not particularly helpful and are entitled to little weight. Hensley, 461 U.S. at 439. "The general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. Furthermore, "as the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections and proof from fee opponents." Norman, 836 F.2d at 1301.

In addition to deducting excessive, redundant and unnecessary hours, the district court must also deduct for time spent on unsuccessful claims. Hensley, 461 U.S. at 435. The fee applicant's failure to prevail on every contention raised in the lawsuit is not a justification for reduction of the fee award. Lattimore, 868 F.2d at 440. Unless the fee applicant obtained only limited success, where the successful and unsuccessful claims involved related legal theories, no fees should be deducted. Hensley, 461 U.S. at 424; Avila v. Coca-Cola Co., 849 F.2d 511, 514 (11th Cir. 1988); Popham v. City of Kennesaw, 820 F.2d 1570, 1579 (11th Cir. 1987).

Plaintiff seeks attorneys fees for the twenty month period beginning May 2006

and ending December 2007. During this time period the attorneys billed a total of only 25 hours and the paralegals a total of only 33.9 hours. The case itself involved not only the underlying NASD arbitration proceeding but a subsequent motion to confirm. In support of the request Plaintiff has submitted detailed and comprehensive billing statements evidencing the hours worked on the case and the specific subject matter undertaken. The undersigned has carefully reviewed the time sheets submitted as well as the expert affidavit of Mr. Fiore, wherein Mr. Fiore states that the total hours expended on the matter were reasonable and necessary, see Fiore Aff. , ¶6, and on this basis finds the hours spent in connection with the case reasonable under the circumstances and not in any way duplicitive, unnecessary or excessive.

In summary, the services performed by the Fiore law firm incident to the arbitration proceeding and subsequent motion to confirm have been documented in detail in the contemporaneous billing statements submitted. The Court has independently reviewed the statements submitted and finds the hours expended reasonable and necessary under the circumstances. As for the hourly rates claimed, same are also reasonable and in fact fall well below the rates charged in the South Florida community by lawyers of comparable skill, experience, and reputation for similar services. Accordingly, this Court recommends that Wachovia be credited

with the full lodestar amount of attorney's fees requested of $7,536.50.

## B. COSTS AND EXPENSES

Wachovia also seeks reimbursement of $8,450.00 in arbitration fees charged by the NASD. Plaintiff has attached to its Motion the NASD Final Invoice which evidences the $8,450.00 amount charged. As Wachovia correctly observes, the underlying Promissory Note contains an arbitration clause requiring arbitration of the underlying dispute before the NASD, and as members of the NASD at the time the dispute arose, both Fink and Wachovia were required by NASD Rule IM-10100 to submit the controversy to arbitration. Accordingly, as the parties were both contractually bound and bound by the NASD rules to arbitrate the underlying dispute, the NASD fees incurred by Wachovia were necessary and non-discretionary. As such, Wachovia should be fully reimbursed for the $8,450.00 arbitration fee incurred. The final issue to address is what costs are taxable herein. Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs. 28 U.S.C. § 1920, which specifies which costs are recoverable, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

      (1)    fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this title;

(6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

The Supreme Court has held that the provisions of 28 U.S.C. § 1920 define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 428 U.S. 437 (1987); West Virginia University Hospital, Inc. v. Casey, 499 U.S. 83 (1991); see also Goodall Const. Co. v. Beer Const. Co., 824 F.Supp. 1044 (N.D. Ga. 1992). The court has broad discretion in determining what costs are taxable, and will not be reversed on appeal absent abuse of discretion. Cochran v. E. I. Dupont de Nemours, 933 F.2d 1533 (11th Cir. 1991), cert. denied, U.S. 112 S. Ct. 881, 116 L. Ed. 2d. 785 (1992).

Wachovia is seeking a total cost award of $400.00. Specifically, Wachovia seeks reimbursement for the $350.00 it incurred in filing its Motion to Confirm in this

matter and reimbursement for the $50.00 it incurred for personal service on Fink. Invoices for each of these costs have been attached to the request, and 28 U.S.C. §1921 provides for recovery of these items. Accordingly, the undersigned recommends that Wachovia be awarded costs in this matter in the amount of the $400.00 requested. In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that Wachovia's Verified Motion for Attorney's Fees and Costs (Docket Entry #13) be **GRANTED**. Accordingly, if the within Report and Recommendation is adopted, Wachovia should be awarded $7,536.50 in attorney's fees, $8,450.00 in arbitration fees, and $400 in costs, for a total attorney's fees and cost award of $15,986.50.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Daniel T.K. Hurley, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED** this 21st day of April, 2008, in Chambers at West Palm Beach, Florida,

*Linnea R. Johnson*
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

cc:  Honorable Daniel T.K. Hurley
     All Counsel of Record